IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GIA HEGRE,

  Plaintiff,

v.          CV 105-031

ALBERTO-CULVER USA, INC.,
d/b/a BEAUTY SYSTEMS GROUP, INC.,
d/b/a SALLY BEAUTY COMPANY,
d/b/a MACON BEAUTY SYSTEMS,

  Defendants.

## ORDER

Plaintiff brought the captioned closed case pursuant to the Family and Medical Leave Act ("FMLA"), 28 U.S.C. § 2601, et seq. The matter is before the Court on Plaintiff's motion for reconsideration (doc. no. 79) of the Court's April 23, 2007 Order, which granted Defendants' motion for summary judgment and directed that a final judgment be entered. For the reasons below, the motion is **DENIED**.

Plaintiff argues: (1) the Court erred in determining that there is no genuine issue of fact regarding whether Defendants are an integrated enterprise; (2) Defendants should be equitably estopped from raising Plaintiff's ineligibility under the FMLA; (3) the Court erroneously concluded that Plaintiff does not have a "serious health condition" as that term is defined by the FMLA; and (4) the Court erred in granting summary judgment on Plaintiff's retaliation claims.

Plaintiff ostensibly brings her motion pursuant to both Fed. R. Civ. P. 59 and 60.

The Eleventh Circuit has explained that "[a] post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60--regardless of how the motion is styled by the movant--depending on the type of relief sought." Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). Here, Plaintiff seeks "the setting aside of the grant of summary judgment, denial of [Defendants'] motion for summary judgment, and trial on the merits of the case." Id. Accordingly, the Court properly characterizes Plaintiff's motion as brought pursuant to Rule 59(e). See id.

In bringing her equitable estoppel argument, Plaintiff attempts to present a legal theory she did not raise prior to the entry of judgment.[1] In the balance of her motion, Plaintiff attempts to recast arguments the Court has already considered and rejected. In essence, Plaintiff invokes the rules of the playground and asks for a "do-over." A disappointed litigant may not resort to Rule 59(e) "to

---

[1] As the Court noted in its April 23rd Order, Plaintiff did not present an equitable estoppel argument prior to the entry of judgment. (See April 23rd Order at 17 n.6.) Even so, Plaintiff's estoppel argument is meritless. Initially, it should be noted that it is doubtful that the doctrine of equitable estoppel may be applied in FMLA cases. See Pennant v. Convergys Corp., 368 F. Supp. 2d 1307, 1313 (S.D. Fla. 2005). Regardless, in order to prevail on such a theory, Plaintiff must demonstrate that she reasonably relied, to her legal detriment, upon a misrepresentation by her employer. See, e.g., Minard v. ITC Deltacom Communications, Inc., 447 F.3d 352, 359 (5th Cir. 2006). Plaintiff has presented no evidence of detrimental reliance in this case.

relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (citing Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998) & 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Consequently, Plaintiff has not shown that she is entitled to relief under Rule 59(e).

Accordingly, the motion for reconsideration is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_15TH\_\_\_ day of May, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE